FILED

JUL 03 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEOPHILUS T. AGEDAH, )
)
Petitioner, )
)
v. ) Civil Action No. 19-1935 (UNA)
)
SUPERIOR COURT OF THE DISTRICT, )
OF COLUMBIA – CRIMINAL DIVISION, )
)
Respondent. )

## MEMORANDUM OPINION

In December 2017, the petitioner was charged with assault with intent to commit robbery while armed. *See* Pet. at 4 (page numbers designated by CM/ECF). "[A]s a result of the Hung Jury/Mistrial on February 5th, 2018," there was no finding of guilt. *Id.* at 5. The petitioner entered into a plea agreement in July 2018, *see id.* at 5-6, and the criminal conviction affected his immigration status, *see id.* at 7. Since December 26, 2018, the petitioner has been "detained [at a] DHS/ICE facility in Farmville, Virginia" pending his removal. *Id.* at 7. He has asked this his "conviction be Reviewed/Reversed or Vacated[.]" *Id.* at 2.

This Court cannot to provide the relief the petitioner seeks. "As a general rule, applicable here, this Court lacks jurisdiction to review the decisions of the Superior Court." *Morton v. United States*, No. 1:19-CV-00514, 2019 WL 1924252, at *1 (D.D.C. Apr. 26, 2019) (citations omitted); *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) ("[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). Furthermore, a challenge to a Superior

Court conviction must proceed in that court by motion under D.C. Code § 23-110, which in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner "has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting D.C. Code § 23-110(g)), *cert. denied*, 479 U.S. 993 (1986). "Section 23-110(g)'s plain language makes clear that it . . . divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

The Court will grant the petitioner's application to proceed *in forma pauperis* and dismiss his *pro se* "Motion/Petition for Review of Conviction Pursuant to U.S.C. § 2241 to 2255 without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: July 2, 2019

United States District Judge